### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**BENNIE DAVID GUY**                                                              **PETITIONER**

**VS.**                        **CASE NO. 5:12CV00092 JMM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                               **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

# DISPOSITION

Bennie David Guy, an inmate in the custody of the Arkansas Department of Correction (ADC), submitted a complaint styled as an action under 42 U.S.C. § 1983.  For relief, he requested that the Court grant him parole or, in the alternative, give him back the parole which he alleges was taken without a reason in 2009.  Based on the relief requested by Mr. Guy, his pleading was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.  The petitioner is serving a 480 month term of imprisonment for rape of a minor, and being an habitual offender.  He entered a guilty plea to this crime in 1996.

The respondent in this case contends the petition should be dismissed as a second or successive petition.  In an earlier Finding and Recommendation, the undersigned recommended that the respondent's motion to dismiss be denied.  Docket entry no. 10.  The respondent objected to this recommendation, and supplemented the record with additional documentation.  Based on this new evidence, United States District Judge James M. Moody deemed the proposed findings and recommendation moot and referred the case back to the undersigned for further proceedings.  The petitioner has responded to the allegations raised by the respondent.

After a thorough recitation of the previous petitions and other pertinent facts, we will address the respondent's argument that the petition should be dismissed as a second or successive petition.

**First Habeas Corpus Petition:**     On December 10, 2003, Mr. Guy filed a petition for writ of habeas corpus with this Court.  *Guy v. Norris*, 5:03cv00466.  On December 19, 2005, United

States Magistrate Judge Jerry W. Cavaneau recommended the petition be dismissed as barred by the statute of limitations.  The petition challenged two 1996 convictions – one for rape and another for attempted rape.  The report and recommendation recites that the petitioner pleaded guilty to the charges and was sentenced to  a forty year term, plus ten years suspended sentence, with the sentence to run concurrently with an existing sentence from Gregg County, Texas, on one charge.  This sentence was imposed in Crittenden County, Arkansas.  Mr. Guy also entered a guilty plea to the other charge and was sentenced to a thirty year term of imprisonment.  The second sentence was imposed in St. Francis County, Arkansas.  On January 4, 2006, United States District Judge James M. Moody adopted the  Magistrate's findings and recommendations in their entirety, and Judgment was entered in the case.  Subsequently, both the District Court and the Eighth Circuit Court of Appeals denied petitioner's requests for certificate of appealability.

**Second Habeas Corpus Petition:**      On April 10, 2009, Mr. Guy filed a second habeas corpus petition naming as respondents Larry Norris, the Director of the ADC, and Greg Abbott, Attorney General of the State of Texas.  *Guy v. Norris & Abbott*, 5:09cv00109.  On June 17, 2009, United States Magistrate Judge Jerry W. Cavaneau recommended the case be transferred to the United States District Court for the Eastern District of Texas.  Judge Cavaneau noted that the petition was a challenge to a 1996 conviction arising out of Gregg County, Texas, which the petitioner alleged was enhanced by an Arkansas state conviction.  Judge Cavaneau described the history of the case, including the July 1996 Gregg County, Texas, conviction, as well as the August 1996 rape conviction in Crittenden County, Arkansas, and the August 1996 attempted rape conviction in St. Francis County, Arkansas.  Judge Cavaneau then notes that the petitioner had a "transfer board hearing" before the Arkansas Parole Board on May 28, 2009.  Ultimately, Judge Cavaneau found the interests of justice were best served by transferring the case to the Eastern District of Texas.  His recommendation to this effect was adopted in its entirety on July 1, 2009, by United States District Judge William R. Wilson, Jr.  According to the respondent, after this case was transferred,  the Texas District Court dismissed the case for failure to exhaust state court remedies.

3

Docket entry no. 15, page 9.

**Third Habeas Corpus Petition:**     On September 7, 2011, Mr. Guy filed a third habeas corpus petition with this Court, naming Ray Hobbs, ADC Director, as the respondent.  *Guy v. Hobbs*, 5:11cv00233.  This petition was a challenge to the August 1996 rape conviction imposed in Crittenden County and to the August 1996 attempted rape conviction from St. Francis County[1]. On November 20, 2011, the undersigned recommended to Judge James M. Moody that the petition be dismissed as a successive petition.  The undersigned noted that the petitioner was required by 28 U.S.C. §2254(b) to obtain authorization from the Eighth Circuit Court of Appeals to pursue a second or successive petition.  The record demonstrated that Mr. Guy sought but was denied authorization to file a second or successive petition.  Judge Moody adopted the undersigned recommendation on December 13, 2011, and judgment was entered that day.

The current petition is a challenge to the petitioner's parole eligibility and the parole decisions which have been rendered, beginning with a decision in May of 2009.  The respondent moved to dismiss the petition as a second or successive filing.  Based upon the record before the Court at that time, the undersigned recommended on April 4, 2012,  that the respondent's motion to dismiss be denied.  The respondent filed objections to the recommendation on April 25, 2012. The objections contained supplemental information, including affidavits which shed light on the May 2009 parole decision.  The respondent now argues that the petition should be dismissed as a second or successive filing, and that the petition should be dismissed as without merit since Mr. Guy is mistaken in his allegation that he was granted parole in May of 2009.

We first consider whether the petition should be dismissed as a second or successive petition. 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

---

[1]Mr. Guy raised five claims for relief in this petition: (1) actual innocence based on DNA testing; (2) state court erred in construing the DNA statute; (3) ineffective assistance of counsel; (4) he was coerced into pleading guilty; and (5) a Fourth Amendment claim/*Brady* violation/miscarriage of justice claim.

an order authorizing the district court to consider the application."  In our earlier Findings and Recommendation in this case, we cited *Crouch v. Norris*, 251 F.3d 720 (8th Cir. 2001), and found that the current petition was not a second or successive petition since Mr. Guy could not have raised his parole-related claims in his first habeas petition.  The respondent urges that we should depart from this finding for two reasons: one, the *Crouch* case has been "considerably undermined, if not overruled, by *Magwood v. Patterson*, 130 S. Ct. 2798 (2011)"; and two, the factual predicate for the parole-based claims now at issue arose in 2009, which respondent contends was during Guy's previous habeas litigation.  We find no merit to either argument of the respondent.

The pertinent portion of the *Crouch* decision is as follows:

> Crouch's proposed petition is not abusive because he could not have raised his parole-related claims in his first habeas petition. His first parole denial is dated November 23, 1998, some ten months after he filed his § 2254 petition. *Cf. Washington v. Delo,* 51 F.3d 756, 760 (8th Cir.1995) (new claims raised in subsequent habeas petition not abusive where factual basis of claim was reasonably unavailable to petitioner at time of first petition.)

*Crouch v. Norris*, 251 F.3d 720, 724 (8th Cir. 2001).  The *Magwood* case cited by the respondent does not overrule or undermine this reasoning from *Crouch*.  In *Magwood,* a district court held that a habeas petition challenging the constitutionality of a resentencing proceeding was not a successive petition because it was a challenge to a criminal judgment other than the original judgment attacked in an earlier habeas case.  Ultimately, the United States Supreme Court agreed with the district court's holding in this regard.  Neither the reasoning or the holding in that case would dictate a change in the manner in which *Crouch* applies to this case.

The respondent also urges that even if *Crouch* fully applies this petition should be dismissed as successive.  Specifically, the respondent points to the second habeas petition of Mr. Guy, filed in April of 2009, and contends that the factual predicate for the current petition arose during the pendency of the 2009 habeas petition.  Therefore, the respondent argues the current petition is successive, unlike the facts in *Crouch* where the parole-related claims clearly arose months after the filing of the previous habeas corpus petition attacking his conviction.  We decline to follow this

5

reasoning.

It is helpful to examine the events occurring from late May through July 1, 2009. The petitioner had a parole hearing on May 26, 2009. According to the respondent, the petitioner was erroneously informed that he had been granted parole shortly after the hearing. The parole board informed Mr. Guy on June 1 of the mistake. However, the notice attempting to correct the error also contained another clerical error by continuing to list parole restrictions. Mr. Guy petitioned for reconsideration of the denial, and the denial of parole was denied(?) on June 21, 2009. Mr. Guy alleges that he received notice that his parole was rescinded on June 24, having been transferred within the ADC on June 19. He makes mention of the transfer and the receipt of the notice denial reconsideration in his objections to the June 17, 2009, Findings and Recommendation of Judge Cavaneau, wherein it was recommended that the habeas case be transferred to Texas. Mr. Guy's objection was filed on June 29, 2009, and Judge Cavaneau's recommendation was adopted, and judgment entered, on July 1, 2009.

The respondent contends that the parole-related claims arose in May or June, shortly before the dismissal of the habeas corpus petition on July 1, 2009. This, according to the respondent, is determinative. However, the unusual circumstances of the erroneous granting of parole followed by the error in the notice attempting to correct the error leads to some confusion over exactly when the factual predicate for Mr. Guy's claim arose. In any event, the respondent's argument is rejected for another, more fundamental, reason – the habeas petition filed in April of 2009 and dismissed in July of 2009 was a challenge to the Gregg County, Texas conviction, which is why the petition was ultimately transferred to Texas. The proper consideration under *Crouch* is whether the factual basis for the parole-based claim was available to Mr. Guy when he filed his initial petition challenging his Arkansas convictions. Clearly, the parole-related claims were unavailable to him in 2003 when he sought habeas relief for his Arkansas convictions. As a result, we find the petition should not be dismissed as successive.

We now consider the claims of Mr. Guy. In his petition and amended petition Mr. Guy

focuses primarily on his claim that he was granted parole in May of 2009 and the state has failed to honor this decision.  For relief, he requests that this Court order the Texas detainer against him removed and that he be released from the ADC.  The respondent, in his objection filed on April 25, 2012, "has also discovered that Guy was never actually paroled in 2009.  Because the entire petition rests on a false accusation, relief should be denied and the petition should be dismissed with prejudice."  The respondent is correct.  Affidavits attached to the objection (docket entry no. 15) demonstrate that clerical errors were made but that Mr. Guy was denied parole and was informed to that effect shortly after the parole hearing.  Significantly, Mr. Guy himself acknowledged this in his objections filed in his second habeas corpus petition.  "On June 24, 2009, Petitioner was called to the Captain's office where he was notified that his grant of parole had been recinded [sic] on June 22, 2009 and the parole board's new action was a denial of parole for one (1) year."  *Guy v. Norris & Abbott*, 5:09cv00109, docket entry no. 29, page 2.  Attached to the objection filed by Mr. Guy is the Parole Board's Statement dated 6/23/2009.  Under the comments, it is noted that the statement is a "corrected vote sheet."   The petitioner fails to establish the essential fact upon which the petition is based – that he was granted parole in 2009.  As a result, we recommend the petition be dismissed and the relief requested be denied.

In his petition and amended petition, Mr. Guy also appears to allege a speedy trial violation and that his judgment was void due to a lack of jurisdiction[2].  These claims, however, are not parole-

---

[2]At times Mr. Guy also appears to claim a due process violation and/or an equal protection violation in connection with the parole board process.  Such claims may be properly advanced in a section 1983 action.  Here, where the petitioner seeks release from custody and removal of his Texas detainer, the claims are not cognizable.  "Claims challenging the conditions of confinement or the method by which a sentence is being carried out may be asserted through a § 1983 cause of action.  However, a state prisoner challenging the fact or duration of a sentence of imprisonment and seeking immediate or speedier release has a federal remedy through habeas corpus and cannot bring a claim under § 1983."  *Williams v. Hopkins*, 130 F.3d 333, 335 -336 (8th Cir. 1997) (citing *Preiser Rodrigquez*, 411 U.S. 475 (1973)).

related claims and are without merit for several reasons: (1) the claims could have been raised in his initial habeas corpus petition and thus are successive claims which require Guy to receive authorization from the Court of Appeals; (2) the claims, if raised in the initial petition, would have been dismissed as untimely, as were the other claims in the 2003 petition; and (3) the claims are procedurally barred, not having been raised and adjudicated in state court.

For the foregoing reasons, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __13__ day of June, 2012.

_____
UNITED STATES MAGISTRATE JUDGE